IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

RICHARD PEAVLEY                                                                                    PLAINTIFF

V.                                                         CIVIL ACTION NO. 1:06CV169-SAA

NATIONAL HEALTH INSURANCE COMPANY                                         DEFENDANT

MEMORANDUM OPINION

This case is before the court on the motion of defendant, National Health Insurance Company, for partial summary judgment. Upon due consideration of the motion, supporting memoranda and exhibits, the response in opposition and attached exhibits, as well as the record in this case, the court finds that the motion is well taken and should be granted.

FACTUAL SUMMARY

On January 6, 2003, plaintiff Richard Peavley was injured in a hunting accident and as a result became disabled. See Complaint, ¶6. According to the complaint, at the time of the accident plaintiff had purchased a health and disability insurance policy through his employer, Reeves Construction. Complaint, ¶5; Plaintiff's Response In Opposition to Motion for Summary Judgment at 1. The defendant, National Health Insurance Company, sold the policy to plaintiff through its agent, Billy Burks. Plaintiff's Resp. at 1. Plaintiff claims that Burks sold him the policy and that premiums for the policy were deducted from his paycheck. Deposition of Richard Peavley at 12, 15. Plaintiff contends that defendant refused to pay his claims under his policy after his accident and has sued National Health alleging breach of contract and bad faith denial of an insurance claim.

The defendant maintains that although it did issue a health insurance policy to the

plaintiff in 1998, it never issued a disability policy and thus has no obligation to pay plaintiff benefits under a disability policy that does not, and has not ever existed. Defendant's Motion for Summary Judgment at 1. While the defendant concedes that plaintiff has produced, as evidence of the existence of a disability policy, a partially completed application for disability insurance, it points out that the application clearly states that it is an application only and that "insurance coverage is not effective until the coverage applied for has been accepted, approved, and issued in writing by National Health Insurance Company." Ex. A to defendant's motion. National Health seeks partial summary judgment as to the plaintiff's claims of bad faith denial of claims under the disability policy on the basis that the policy has not ever been issued.

The plaintiff has responded to the motion and provided his own testimony, via deposition, and other evidence in support of his position and claims against the defendant. The court has reviewed all the parties' submissions and relevant law and concludes that the motion is well taken and should be granted.

## STANDARD OF REVIEW

On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 91 L. Ed. 2d 265, 275 (1986) ("the burden on the moving party may be discharged by 'showing' . . . that there is an absence of evidence to support the non-moving party's case"). Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden shifts to the non-movant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp.*, 477 U.S. at 324, 91 L. Ed. 2d at 274. That burden is not discharged by "mere allegations or denials." Fed. R. Civ. P. 56(e). All legitimate factual inferences must be made in

favor of the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 91 L. Ed. 2d 202, 216 (1986). Rule 56(c) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to a party's case and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322, 91 L. Ed. 2d at 273. Before finding that no genuine issue of material fact exists, the court must first be satisfied that no reasonable trier of fact could find for the non-movant. *Matsushita Elec. Indus. v. Zenith Radio Cor.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538, 552 (1986).

Summary judgment may be granted only if everything in the record demonstrates that no genuine issue of material fact exists. Therefore, the district court must not "resolve factual disputes by weighing conflicting evidence, . . . since it is the province of the jury to assess the probative value of the evidence." *Cather v. Catheter Technology Corporation*, 753 F. Supp. 634, 637 (S.D. Miss. 1991) (*quoting*, *Kennett-Murray Corp. v. Bone*, 622 F.2d 887, 892 (5th Cir. 1980). The court may not grant summary judgment where it merely believes it is unlikely that the opposing party will prevail at trial. *National Screen Service Corp. v. Poster Exchange, Inc.*, 305 F.2d 647, 651 (5th Cir. 1962).

In Mississippi, the plaintiff in a case for bad-faith denial of an insurance claim "bears a heavy burden to prove that [the] insurer lacked any arguable or legitimate basis to deny coverage and that the 'insurer committed a willful or malicious wrong, or acted with gross and reckless disregard for the insured's rights.'" *Mutual Assurance, Inc., v. Banks,* 113 F. Supp.2d 1020, 1023 (S.D. Miss 2000), *citing State Farm Mutual Auto Ins. Co, v. Grimes*, 722 So.2d 637, 641 (Miss. 1998). It is first necessary to determine whether there was coverage under an insurance policy before the court can determine whether the insurer acted in bad faith in denying the claim. *Id.*

Existence of coverage is the primary inquiry in the instant case. At the risk of overstating the obvious, there cannot be bad faith denial of a claim if such a claim is not covered under an insurance policy, and coverage under a policy of insurance is obviously predicated upon the existence of a policy in the first instance.

In this case, there is no question that a separate disability policy was never issued. There is concrete, uncontradicted evidence that the plaintiff has a health insurance policy with the defendant insurer. The only evidence offered by the plaintiff that a disability policy exists, however, is his testimony that he *thought* there was such a policy in existence, supported only by an incomplete application, which states unequivocally that it is an application only and that "insurance coverage is not effective until the coverage applied for has been accepted, approved, and issued in writing by National Health Insurance Company." The plaintiff has not offered proof of premiums paid, a certificate of insurance or a separate policy for disability. Although the court makes no ruling regarding coverage of the plaintiff's claim under his health insurance policy, there is no proof presently before the court that a disability policy ever existed, and without a policy, coverage cannot exist.

## CONCLUSION

For the foregoing reasons, the court holds that the defendant's motion for partial summary judgment should be granted. A separate judgment will issue this day.

THIS, the 7th day of June, 2007.

    /s/ *S. ALLAN ALEXANDER*
S. ALLAN ALEXANDER
UNITED STATES MAGISTRATE JUDGE